ADDISON,            SAMUEL FARRAND *vs.* GEORGE A. GAGE.
 January,
  1830.
            F delivered G certain promissory notes against a third person to be collected and
               applied on sundry executions against F which G, as constable, held in his hands.
               G received payment on the notes, but made no application of them on the executions.
               F afterwards sued G in an action on book account, and, among other items, prop-
               erly chargeable on book, he claimed the amount of the notes so delivered to G, and
               G also claimed to be allowed the amount of the executions against F.—It was held
               that the notes were not proper items of book charge; but, that, as G had brought
               the executions into the account, and insisted on them as a claim against F, he
               thereby made the notes, or the amount received by him upon them, a proper mat-
               ter of adjustment in the settlement of the accounts.

This case came before the Court on a report of auditors in an
action on *book account.* It appeared by the report that the plain-
tiff's account consisted of sundry items, and amongst them were
charged two promissory notes against one Wines, which were de-
livered by the plaintiff to the defendant to be collected and applied
in satisfaction of sundry executions against the plaintiff, which the
defendant, as constable, held in his hands, and also of other char-
ges which the defendant might have against the plaintiff. The
notes were made payable at a future day in labour, at $18 per
month. The defendant had received the amount of the two notes
of Wines, and had paid to the execution creditors the amount due
on the several executions. The defendant's account consisted,
amongst other things, of the several executions before mentioned,
which he claimed to have allowed him by the auditors. The
defendant objected to the charges of the notes on the
ground, that, from the understanding, and manner they were re-
ceived by him, they could not be properly charged on book. But
the objection was overruled by the auditors, and the notes were allow-
ed. The amount due on the several executions was also allowed
to the defendant, leaving a balance due to the plaintiff of sixty dollars.

The defendant filed objections to the acceptance of the report;
but the only one insisted on in argument was, that the notes were
improperly allowed, they not being proper items of book charge,
and that, at the time of the delivery of said notes to the defen-
dant, no certain debt accrued for which the defendant was
liable to the plaintiff. The county court accepted the report,

and rendered judgement thereon. The defendant excepted to the decision, and the case was reserved for the opinion of this Court.

ADDISON,
January,
1830,

Farrand
ve.
Gage.

*The defendant's counsel* cited 1 *Sw. Dig*, 582, 583, and *Slasson* vs. *Davis et al.* 1 *Aik. Rep.* 74.

*The plaintiff's counsel* cited *Barlow* vs. *Butler*, 1 *Vt. Rep.* 146.

PRENTISS, Ch. J., delivered the opinion of the Court.—The exception, founded upon the allowance of the notes charged in the plaintiff's account, which is the only exception relied upon by the defendant, might have been available, if it had not appeared that the defendant, on his part, introduced and claimed charges, connected with the notes, in a way, which rendered it proper that the notes should be considered and allowed by the auditors. The plaintiff's account, it appears, consisted of the notes, and various other articles admitted to be properly chargeable on book; and the defendant's account consisted, amongst other things, of several executions, which the defendant, as an officer, held, in favor of different creditors against the plaintiff, to collect. The notes charged in the plaintiff's account were delivered by him to the defendant to be collected and applied in satisfaction of the executions presented and claimed by the defendant; and the defendant had collected and received payment of the notes, but had not applied them on the executions. The auditors allowed the defendant the amount of the executions, and the plaintiff the amount of the notes. If the defendant had not brought the executions into the account, he might with propriety have objected to the notes; but having brought in the executions and insisted upon them as a claim against the plaintiff on book, he thereby made the notes, or the amount received by him upon them, a proper matter of adjustment in the settlement of the acounts. The executions, no more than the notes, were proper items of book charge; but if the defendant claimed, and the plaintiff consented, to have the executions adjusted with the other accounts, whatever the defendant had received in payment of, or to apply upon them, was of course to be considered and allowed in the adjustment.

It is said that the delivery of the notes to the defendant created no immediate debt against him, and that no article can be charged on book, unless the right to charge it existed at the time of the delivery. This is undoubtedly the general rule, but the circum-

stances already mentioned render it inapplicable to this case. The allowance of the notes, whatever may have been the form in which they were presented and allowed, is nothing more in substance than an application of them in payment and extinguishment of the claim for the executions. It is true that the notes, as allowed, with the other payments made by the plaintiff, exceeded by a small sum the amount of the executions; but as the notes were received by the defendant to be collected and applied in payment, not only of the executions, but also, as the report further states, of *other charges the defendant might have against the plaintiff*, the surplus was properly allowed against the defendant's other charges.

Judgement affirmed.

*Phelps*, for plaintiff.
*Woodbridge & Hawley*, for defendant.

